**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAUL TORRES, an individual, | Case No.: 1:24-cv-01773 |
| Plaintiff, | |
| v. | |
| QUINCY BIOSCIENCE HOLDING COMPANY, INC., a Wisconsin corporation; PREVAGEN, INC., a Wisconsin corporation; DOES 1-10, | |
| Defendants. | |

## <u>COMPLAINT FOR DAMAGES</u>

## <u>JURY TRIAL DEMANDED</u>

Plaintiff, Raul Torres p/k/a "Hektad" ("Torres"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

1.     Torres is a New York based street artist whose work incorporates soothing and brilliant colors and patterns intended to incorporate positive messages of love, happiness, and peace. He creates works for sale on his personal webpage and for his community in various sizes and styles. His work has been exhibited in several galleries and is well known throughout the street art community.

2.     Torres brings this claim to seek relief, damages, and attorneys' fees stemming from Defendant's acts of infringement in violation of the Copyright Act of the United States. Defendants Quincy Bioscience Holding Company, Inc. ("Quincy") and its wholly owned subsidiary Prevagen, Inc. ("Prevagen") (collectively, "Defendants") unlawfully displayed Torres' original work in its commercial ("Infringing Use"). Torres at no time sought to associate his work with Defendant or any of their affiliates.

3.      This unauthorized usage constituted copyright infringement, amongst other things, as set forth below.

## JURISDICTION AND VENUE

4.     This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*.

5.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b) since the claims arise under federal copyright law.

6.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

7.      This Court has personal jurisdiction over Defendants because they do business within New York City and with New York residents. Further, the acts giving rise to the claims herein occurred in New York City, as the artwork that is the subject of this suit is located in New York and the infringing use was created in New York and distributed to, at least, New York residents.

## PARTIES

8.      Torres is an individual residing in New York, New York.

9.      Torres is informed and believes and thereon alleges that Quincy is a Wisconsin corporation with its principal place of business at 726 Heartland Trail Suite 300, Madison, Wisconsin. Quincy transacts business in this District and throughout the United States. At all times material to this Complaint, acting alone or in concert with its subsidiary, Quincy has advertised, marketed, and promoted Prevagen to consumers throughout the United States, including New York, through the Infringing Use complained herein. Further, the Infringing Use, particularly, the commercial featuring or otherwise displaying Torres' work was filmed within New York as that is where Torres' original work is located.

10.      Torres is informed and believes and thereon alleges that Prevagen is a Wisconsin corporation with its principal place of business at 726 Heartland Trail Suite 300, Madison, Wisconsin. Prevagen transacts business in this District and throughout the United States. At all times material to this Complaint, acting alone or in concert with its subsidiary, Prevagen has advertised, marketed, and promoted Prevagen to consumers throughout the United States, including New York, through the Infringing Use complained herein. Further, the Infringing Use, particularly, the commercial featuring or otherwise displaying Torres' work was filmed within New York as that is where Torres' original work is located.

11.     Defendants Does 1 through 10, inclusive (collectively with Prevagen and Quincy, "Defendants"), are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

12.     Torres is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Torres' rights and the damages to Torres proximately caused thereby.

## CLAIMS RELATED TO PLAINTIFF'S SUBJECT MURAL

13.     Torres created and owns all rights in the original mural depicted in the photograph below (hereafter the "Subject Mural").

///

///

4

**Subject Mural:**



14.     Torres complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et. seq.*, and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Mural, which Torres has registered with the United States Copyright Office.

15.     Prior to the acts complained of herein, Torres widely publicly displayed and disseminated the Subject Mural through his various publicly available social media platforms and other websites, as well as in several galleries that feature his work.

16.     Defendants, and each of them, have willfully copied, reproduced, and distributed the Subject Mural for financial benefit by, without limitation, reproducing the Subject Mural online for commercial benefit, including without limitation featuring the Subject Murals in their commercial for a product called "Prevagen."

17.     A true and correct screen capture depicting Defendant's Infringing Use is set forth forth below:

**Infringing Use:**



18.     A comparison of the Subject Mural with the corresponding images of the Infringing Use reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar.

19.     Upon information and belief, Torres alleges that Defendants, and each of them, had access to the Subject Mural, including through Torres Instagram, Torres' numerous online profiles and features, exhibitions, online publications, and press featuring Torres' work and social media accounts, and/or through viewing the Subject Mural on third-party websites and in person.

20.     Torres   has not in any way authorized Defendants, or any of them, to display, disseminate, distribute, or create derivative works of the Subject Mural.

21.     The Subject Mural was routinely published with copyright management information ("CMI"), specifically Torres' professional name ("Hektad") which identifies Torres as the author and owner of the Subject Mural and qualify as CMI. The aforementioned CMI is identified below.



**FIRST CLAIM FOR RELIEF**
(For Copyright Infringement – Against all Defendants, and Each)

22.      Torres repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

23.     Upon information and belief, Torres alleges that Defendants, and each of them, accessed the Subject Mural by, without limitation, viewing the Subject Mural as it was publicly displayed online through Torres's social media pages and various third-party websites such as *markmillergallery.com, artsy.net, wtgallery.com, oneartspace.com.* The Subject Mural was also publicly displayed on the street on which it is painted in New York City. Access is additionally evidenced by Subject Mural's exact reproduction shown above and identified as the Infringing Use.

24.     Upon information and belief, Torres alleges that Defendants, and each of them, displayed, reproduced, and distributed the Subject Mural as seen, without limitation, on in their commercial promoting and advertising their products, as shown above and identified as the Infringing Use.

25.     Upon information and belief, Torres alleges that Defendants, and each of them, infringed Torres's copyrights by creating infringing derivative works from the Subject Mural and publishing same to the public.

26.     Due to Defendants', and each of their, acts of infringement, Torres has suffered actual, general, and special damages in an amount to be established at trial.

27.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Torres's rights in the Subject Mural. As such, Torres is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Mural in an amount to be established at trial.

28.     Torres is informed and believes and thereon alleges that Defendants, and each of their conduct as alleged herein, was willful, reckless, and/or with knowledge, subjecting

Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## SECOND CLAIM FOR RELIEF
(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

29.     Torres repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

30.     Upon information and belief, Torres alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Mural as alleged hereinabove. Such conduct included, without limitation, publishing copies obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Use on affiliate, third-party, and social media sites; and distributing the Infringing Use to third parties for further publication.

31.     Torres is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant had the ability to oversee the development, publication, and distribution of the infringing imagery at issue. And, Defendants, each of them, realized profits through their respective obtainment, marketing, and distribution of the Infringing Use.

32.     By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Torres has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional actual, general, and special damages in an amount to be established at trial.

33.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Torres's rights in the Subject Mural.

34.     Specifically, Defendants' have obtained, directly and indirectly, profits from the Infringing Use due to the Subject Mural's striking appearance and Torres's large fanbase, which attracts consumers, increases viewership and engagement with Defendants' article.

35.     As such, Torres is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Mural, in an amount to be established at trial.

36.     Torres is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

### THIRD CLAIM FOR RELIEF
(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

37.     Torres repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

38.     The Subject Mural was routinely published without attribution, credit, and other copyright management information identifying Torres as the author, as depicted above.

39.     Upon information and belief, Torres alleges that Defendants, and each of them, removed Torres's copyright management information, as described above, from the Subject Mural by cropping out his tag name and creation date, seen in the upper left-hand corner of the Subject Mural, or added false copyright management information to the Subject Mural as shown in the exemplars of the Infringing Use.

40.     Upon information and belief, Torres alleges that Defendants, and each of them, distributed and published the Subject Mural in widely distributed commercials, throughout the United States, including but not limited to New York, as shown in the commercial reflected above, having removed Torres's attribution information, including without limitation his name, as described above. Defendants removed Torres's CMI and published the Subject Mural alongside its own name and logo, evidencing Defendants use of false CMI in wrongfully attributing the Subject Mural to Defendants.

41.     The aforementioned facts, specifically the publication of the Subject Mural alongside Defendants name and logo, constitutes "copyright management information" as that phrase is defined in 17 U.S.C. §1202(c) and is false.

42.     When Defendants distributed and published the Subject Mural, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. §1202(a). As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. §1203.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants

Wherefore, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a.   That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to the Subject Mural;

b.  That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the  time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. §§ 504, 1203 *et seq.*;

c.  That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*

d.  That a trust be entered over all Infringing Uses, and all profits realized through the sales and distribution of said work;

e.  That Defendants, and each of them, be enjoined from any further use of the Mural at issue and/or the distribution of any production incorporating same.

f.  That Plaintiff be awarded pre-judgment interest as allowed by law;

g.  That Plaintiff be awarded the costs of this action; and

h.  That Plaintiff be awarded such further legal and equitable relief as the  Court    deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: March 7, 2024                    By:    */s/ Scott Alan Burroughs*
                                               Scott Alan Burroughs, Esq.
                                               Mackenzie Paladino, Esq.
                                               DONIGER / BURROUGHS
                                               247 Water Street, First Floor
                                               New York, New York 10038
                                               scott@donigerlawfirm.com
                                               mpaladino@donigerlawfirm.com
                                               Telephone: (310) 590-1820
                                               *Attorneys for Plaintiff*